Turley, J.
delivered the opinion of the court.
The plaintiffs in error being debtors to the Bank of Tennessee, judgment at law was rendered against them, which was enjoined in Chancery. The injunction was dissolved upon answer, on condition that a refunding bond should be executed. This was done, in proper form, and the bond handed to the Clerk of the Chancery Court, in the street, who received it without objection. It was never acknowledged before him by the parties, but he says that he is acquainted with the hand writing of the obligors, and knows the bond to have been executed by them. Thereupon execution was issued on the judgment at law, which was superseded by the plaintiffs, upon the alledged ground that no bond had been given as was required by the decree dissolving the injunction, and the question is, is the bond as proven to have been executed, a good bond. The Circuit Judge held that it was, and we think correctly. There is no particular manner prescribed in which such bonds shall be executed. It is true, that it is the duty of the Clerk to judge of the sufficiency of the bonds, and of .the fact of its having been executed by the obligors, and therefore if in his estimation the bond be not of adequate amount, or of adequate solvency, or if he do not know that it has been signed by the obli-gors, it is his duty not to receive it. But in this case there is no objection to the adequacy,of the amount, or the solvency, and the Clerk was satisfied of the genuineness of the bond from his acquaintance with the hand writing of the parties and therefore required no acknowledgement of its execution; and a delivery to him in the street was as good as if it had been to him in his office, he not objecting.
We are, therefore, of opinion, that the execution was legally issued, and affirm the judgment of the Circuit Court.